**Opinion issued July 23, 2026**



**In The**

# Court of Appeals

**For The**

# First District of Texas

—————————————

**NO. 01-26-00605-CR**

—————————————

**MICHAEL HERNANDEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 228th District Court**
**Harris County, Texas**
**Trial Court Case No. 1901071**

## MEMORANDUM OPINION

Appellant Michael Hernandez seeks to appeal the judgment of the trial court convicting him of the third-degree felony offense of evading arrest or detention using a vehicle and sentencing him to four years' confinement.

We dismiss the appeal for want of jurisdiction.

**Discussion**

Hernandez pleaded guilty to the third-degree felony offense of evading arrest or detention using a vehicle with an agreed recommendation on punishment. Hernandez signed a "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession" stating he "intend[ed] to enter a plea of guilty, agree[d] to the [S]tate's plea bargain offer, and agree[d] to the . . . [S]tate['s] recommend[ation] [of] 4 years['] [incarceration]." The Waiver of Rights states that "[i]n consideration of [Hernandez's] plea the State [wa]s dismissing [trial] [c]ause [n]umbers 1900729 and 1900730."

Hernandez also initialed a document titled, "Admonishments," stating that if his punishment did not exceed the punishment recommended by the State and agreed upon, he would need the trial court's permission to appeal. Hernandez further signed a document titled, "Advice of Defendant's Right of Appeal," which advised him that if he "pled guilty . . . and accepted the punishment recommended by the [State], [he] c[ould not] appeal [his] conviction unless th[e] [trial] [c]ourt g[ave him] permission." (Emphasis omitted.) In signing that document, Hernandez affirmed that he "read and wr[o]te English" and had read and understood the document.

A defendant in any criminal case has a right of appeal. TEX. CODE CRIM. PROC. art 44.02; TEX. R. APP. P. 25.2(a)(2). When the defendant is the appellant in a criminal case, "the record must include the trial court's certification of the

2

defendant's right of appeal." TEX. R. APP. P. 25.2(d). The trial court's "Certification of Defendant's Right of Appeal" in this case provides that Hernandez's trial court case was "a plea-bargain case, and [Hernandez] has NO right of appeal."

Texas Rule of Appellate Procedure 25.2(a)(2) provides that "[i]n a plea bargain case—that is, a case in which a defendant's plea was guilty . . . and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only[] . . . (A) those matters that were raised by written motion filed and ruled on before trial, (B) after getting the trial court's permission to appeal, or (C) where the specific appeal is expressly authorized by statute." TEX. R. APP. P. 25.2(a)(2); *Olvera v. State*, No. 01-22-00726-CR, 2023 WL 4629145, at *3 (Tex. App.—Houston [1st Dist.] July 20, 2023, no pet.) (mem. op., not designated for publication). "A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action . . . ." *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

The record here supports the trial court's certification that Hernandez accepted a plea bargain and "has NO right of appeal." *Id*. (holding that "appellant had no right of appeal because he was sentenced pursuant to the agreed terms of a plea bargain and did not satisfy either of the exceptions stated in Rule 25.2(a)(2)"). Because Hernandez has not received permission to appeal from the trial court and

does not meet any of Rule 25.2(a)(2)'s other exceptions, he has no right of appeal. *See id*; *see also Olvera*, 2023 WL 4629145, at *3 (dismissing appeal from guilty plea where no exceptions of Rule 25.2(a)(2) applied).

We dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We dismiss all other pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Rivas-Molloy and Guiney.

Do not publish. TEX. R. APP. P. 47.2(b).